IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30139-WDS |
| ) | |
| JOSIAH COMPTON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defense counsel's motion for leave to withdraw as counsel (Doc. 521). The defendant has also filed, *pro se*, a motion to move for dismissal (Doc. 517), and a motion to compel response to motion to dismiss appointed counsel (Doc. 518).[1]

In his motion for leave to withdraw, defense counsel Gary A. Mack indicates that a conflict has developed between him and the defendant, Josiah Compton, and that he can no longer represent the defendant due to this conflict. The Court has held a hearing on the motion and **FINDS** that the conflict which has developed between the defendant and Attorney Mack is of such a nature that a change in counsel is warranted. Accordingly, the Court **GRANTS** defense counsel's motion for leave to withdraw and hereby **APPOINTS** Rodney H. Holmes, 1010 Market Street, Suite 1540, St. Louis, Missouri 63101, as counsel for the defendant.

---

[1]When the defendant is represented by counsel, it is not proper, and the Court does not usually permit the defendant to make *pro se* filings. Although the Court will permit these motions to be filed, the defendant will not be allowed to file further *pro se* motions in this matter. All motions filed on behalf of the defendant should be filed by defense counsel.

1

In light of the voluminous discovery that exists in this case, including hundreds of hours of recorded conversations, the Court **FINDS** it would be unreasonable to require counsel to immediately proceed to trial, and that it is therefore necessary to schedule new trial and final pre-trial dates which will permit new defense counsel to adequately prepare for trial.

The Court **FURTHER FINDS** that failure to grant a continuance in this matter would deny counsel for defendant reasonable time necessary to prepare for trial, and that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court **FURTHER FINDS** that it is appropriate to continue this matter as to all defendants, and that the ends of justice would best be served by the joint trial of all remaining co-defendants. Accordingly, pursuant to § 3161(h)(7) the time between the filing of the motion to withdraw and the new trial date shall be excluded for purposes of determining Speedy Trial time as to all defendants.

Also before the Court are the two *pro se* motions filed by defendant Compton. In his first motion, entitled Motion to Move for Dismissal (Doc. 517) the defendant seeks dismissal of the indictment on the grounds that: a) his attorneys failed to file motions to dismiss based on speedy trial violations; and b) that his attorneys failed to file suppression motions based on *Miranda v. Arizona*, 384 U.S. 436 (1966).

The Court has previously held that the speedy trial time has not run in this action as to any defendant (See. Order at Doc. 489). Therefore, to the extent that the defendant's *pro se* motion seeks dismissal for violation of the Speedy Trial Act, the motion is **DENIED**.

With respect to his contention that his attorney should have filed a motion to suppress, the Court **FINDS** that this does not establish a grounds for dismissal. Therefore, defendant's

motion to move for dismissal is **DENIED** on all grounds.

Defendant's motion to compel response to motion to dismiss appointed attorney in which he seeks to have attorney Gary Mack dismissed is **DENIED** as moot. (Doc. 518).

**IT IS SO ORDERED.**

**DATED: April 20, 2006.**

> **s/ WILLIAM D. STIEHL**
> **DISTRICT JUDGE**